UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NICHOLAS BRENDON,

Plaintiff,

v.

STEPHEN BRITTON, JESSICA BRITTON, BRITTON EXCAVATING & CONSTRUCTION SERVICES
Defendants

Case No. __

# COMPLAINT

Plaintiff Nicholas Brendon ("<u>Plaintiff</u>"), by and through its undersigned counsel, brings this action against Stephen Britton, Jessica Britton and Britton Excavating & Construction Services ("together <u>Defendants</u>") and respectfully states the following:

## PRELIMINARY STATEMENT

1. Plaintiff is the owner of a property in Ohio located at 1045 Norman Avenue, Ashtabula, Ohio 44041 ("the property").

2. Plaintiff contracted with Defendants for Defendants to provide home renovation and construction services at the property, in accordance with and in anticipation of which Plaintiff provided funds and advance payments to Defendants and Defendants have failed to render such services. Plaintiff seeks judgment against Defendant in the sum of $67,269, together with interest and court costs.

3. Plaintiff also separately contracted with Defendant Stephen Britton by executing a loan and profit sharing agreement, under the terms of which Defendant Stephen Britton owes the Plaintiff and Plaintiff seeks judgment in the sum of $53,991, together with interest and court costs.

## PARTIES

4. Plaintiff is an individual residing in the State of California at 19809 Terri Drive, Canyon Country, California 91351.

5. Defendant Stephen Britton is a resident of Ohio, residing at 145 Beach Street, Geneva, Ohio 44041.

6. Defendant Jessica Britton is a resident of Ohio, residing at 145 Beach Street, Geneva, Ohio 44041.

7. Defendant Britton Excavating & Construction Services is an Ohio Corporation with its principal place of business at 145 Beach Street, Geneva, Ohio 44041.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). The total amount of damages at issue exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant Stephen Britton on the basis that said Defendant is a resident and citizen of the State of Ohio. This Court has personal jurisdiction over Defendant Jessica Britton on the basis that said Defendant is a resident and citizen of the State of Ohio. This Court has personal jurisdiction over Defendant Britton Excavating and Construction Services because said Defendant is an Ohio corporation with its principal place of business

within the State of Ohio and said Defendant by and through its principals engaged in activities in the State of Ohio that gave rise to the claims stated against it herein.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to Plaintiff's claims occurred in the Northern District of Ohio, and the Defendants all reside and do business in the Northern District of Ohio.

## FACTUAL BACKGROUND

11. On or about July 16, 2025, Plaintiff entered into a contract (the "Original Agreement") with the Defendant Corporation for home renovation and construction services at the residence, said contract being signed on behalf of Defendant Corporation by Defendant Stephen Britton. An unsigned copy of the contract is attached hereto as Exhibit A. Also attached is a Notarized Affidavit of Plaintiff (Exhibit B), affirming said unsigned contract as being substantially the same as the final signed contract.

12. Ms. Theresa Fortier is a close friend of the Plaintiff who assists the Plaintiff with his myriad health problems which have rendered him "invalid" as defined by the Americans with Disabilities Act (ADA). See, attached communication received from Social Security Administration confirming this, attached hereto as Exhibit C. Ms. Fortier acts as the Plaintiff's ADA Advocate and assists with his business affairs and affairs such as dealing with contractors and service providers retained for the renovation of the residence.

13. The Original Agreement was amended several times via text messages and email communications exchanged between the signatories and Ms. Fortier. Said amendments are reflected in a document prepared by Defendant Stephen Britton dated October 10, 2025, attached hereto as Exhibit D.

14. As can be seen from the Original Agreement and from Exhibit D and further from Exhibit I (a complete listing of ALL payments made by Plaintiff to Defendants in connection with the Original Agreement as amended), a total of $79,141 was paid by the Plaintiff to Defendants. Out of the various components of the Original Agreement as amended, only the Fence Installation accounting for $7622 has been completed. Thus, Defendants were unjustly enriched by $67,269. See, Affidavit of Plaintiff, numbered paragraph 12. Such monies, $67,269, are immediately due and payable to the Plaintiff under the terms of the Original Agreement.

15. On or about October 17, 2024, Defendant Stephen Britton obtained an *ex-parte Civil Stalking Order* against the Plaintiff, on the basis of several false statements. A full hearing was held on December 5, 2025, in the Court of Common Pleas, Ashtabula County, Ohio before Magistrate Judge Topalof. Defendant Stephen Britton testified as did the Plaintiff and Ms. Fortier. On December 12, 2025, Magistrate Judge Topalof issued an Order denying the Petition for Civil Stalking because "the Petitioner (defendant Stephen Britton) has failed to prove by a preponderance of the evidence the legal requirements necessary for a Civil Stalking Protection Order." This Order was affirmed and adopted by Judge Sezon who proceeded to dismiss the Petition for Civil Stalking. This denial and dismissal is now final as it has not been timely appealed. Magistrate Topalof in his Order stated: "[a]ny perceived negative actions or treatment of Mr. Britton by Mr. Brendon can be attributed to the contract disputes, the disputes over payments, and the disagreement over work completed or not completed according to their agreement." A copy of the Order by Magistrate Judge Topalof is attached hereto as Exhibit E.

16. On October 20, 2025, Defendant Stephen Britton sent to Ms. Fortier a document titled "LEGAL NOTICE AND DEMAND FOR CONTRACT TERMINATION" purportedly terminating any contracts between Defendant Britton Excavating and Construction Services and

the Plaintiff. Defendant Britton made allegations in such purported termination, which were dismissed by Magistrate Judge Topalof as attributable "to the contract disputes, the disputes over payments, and the disagreement over work completed or not completed according to their agreement." See Exhibit E.

17. On September 13, 2025, Defendant Stephen Britton and Plaintiff Nicholas Brendon entered into another contract entitled "LOAN AND PROFIT PARTICIPATION AGREEMENT" (hereianfter "Loan Agreement"). The Loan Agreement is attached hereto as Exhibit F. Under the terms of the Loan Agreement, Plaintiff provided a loan of $20,000 to Defendant Stephen Britton. Further, under the terms of the Loan Agreement, Clause 2.2, Defendant Stephen Britton was responsible for making a first installment payment towards repayment of the loan (including a profit share) of $17,997 on or before October 31, 2025. During the hearing held before Magistrate Judge Topalof on December December 5, 2025, Defendant Stephen Britton testified that: "I had the money to make the payment" and "I had the money". See, Certified Transcript of Hearing attached hereto as Exhibit G, page 19 (2 separate statements). Defendant Stephen Britton did not make such payment of $17,997 despite having the money to make such payment due under the terms of the Loan Agreement. Such payment is yet to be made.

18. On December 3, 2025, Defendant Stephen Britton filed a Mechanic's Lien against the Plaintiff for an alleged underpayment by the Plaintiff of $65,331. A copy of the Mechanic's Lien is attached hereto as Exhibit H. The only accurate numbers in Exhibit H are for the Original Contract, $64,500; additional contracts, $15,622 and the total contract value, $80,122. These numbers match the numbers in Exhibit D. However, all other amounts including for Equipment rental, $15,000; Sewer Install & cap, $12,000; Electrical, $3500; Corrective labor:19,500, are false and fabricated. See Affidavit of Plaintiff, numbered paragraph 16.

19. Besides the $17,997 payment deliberately withheld by Defendants (despite being available per Defendant Stephen Britton), Defendants owe the Plaintiff an additional $35,994 for the remainder two installments under the terms of the Loan Agreement. Thus, a total of $53,991 is now payable and due to the Plaintiff under the terms of the Loan Agreement.

## COUNT ONE BREACH OF ORIGINAL AGREEMENT

20. Plaintiff realleges and incorporates paragraphs 1 through 19 hereof, as if fully rewritten herein.

21. The Parties entered into the Original Agreement and amendments thereto, a valid and binding contract, whereby Defendants agreed to provide goods and services, and Plaintiff promised to perform payment of invoices, as set forth in the Original Agreement and amendments thereto. Plaintiff performed all his obligations according to the terms of the Original Contract and amendments thereto.

22. Defendant breached the Original Agreement by receiving monies from Plaintiff and by not performing the construction and renovation services agreed upon per the terms of the Original Agreement and amendments thereto.

23. Defendants' breach of their obligations under the Original Agreement and amendments thereto, has caused Plaintiff to be injured and entitles Plaintiff to recover the amount of $67,269, plus such other and further amounts that may be determined at the time of trial hereon.

## COUNT TWO BREACH OF LOAN AGREEMENT

24. Plaintiff realleges and incorporates paragraphs 1 through 23 hereof, as if fully rewritten herein.

25. The Plaintiff and Defendant Stephen Britton entered into the Loan Agreement. Plaintiff performed all his obligations under such Loan Agreement. Defendant failed in his obligations to make three separate installment payments.

26. Thus, Defendants' breach of their obligations under the Loan Agreement, has caused Plaintiff to be injured and entitles Plaintiff a total of $53,991, plus such other and further amounts that may be determined at the time of trial hereon.

**COUNT 3 DECLARATORY JUDGEMENT OF DISSOLUTION OF MECHANICS LIEN**

27. Plaintiff realleges and incorporates paragraphs 1 through 26 hereof, as if fully rewritten herein.

28. The following amounts in the Mechanics Lien are false and fabricated: Equipment rental, $15,000; Sewer Install & cap, $12,000; Electrical, $3500; Corrective labor:19,500.

29. Such filing of a false Mechanic's Lien has caused the Plaintiff to be injured and entitles the Plaintiff to costs resulting from the filing of such Mechanic's Lien and to a Declaration that such Mechanic's Lien is dissolved.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

    A. For the principal sum of $121,260, together with interest thereon at the rate of 10% per annum from October 17, 2025;

        B. For costs resulting from the filing of the Mechanic's Lien and a Declaration that such Lien is dissolved;

        C. For costs of the suit incurred herein;

        D. For reasonable attorney's fees; and

        E. For such other and further relief as the Court deems just and proper.

Dated: January 14, 2026                                  Respectfully submitted,

*/s/ Jayadeep Deshmukh*
   Jayadeep Deshmukh
   Jayadeep Deshmukh Corporation
   458 Cherry Hill Road
   Princeton, NJ 08540
   Tel:  (609) 751-1461

   Fax:  (609) 688-0954
   jayrdeshmukh@gmail.com

   *Attorney for Plaintiff Nicholas Brendon*