**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KELTON SCHULTZ, *as Personal Representative of the Estate of* NICHOLAS BRENDON, | ) | CASE NO. 1:26-cv-00095-MJH |
| Plaintiff, | ) | JUDGE MICHAEL J. HENDERSHOT |
| vs. | ) | OPINION AND ORDER |
| STEPHEN BRITTON, *et al.*, | ) | |
| Defendants. | ) | |

Pending is Plaintiff Kelton Schultz's motion for pre-judgment attachment against all defendants. [R.6.] The Court denies the motion.

Schultz—as personal representative of Nicholas Brendon—sued for breach of a home-improvement contract. [R.1 at ¶¶ 11, 14; *see also* R.19.] Defendants are Britton Construction and Stephen and Jessica Britton. [R.1 at ¶¶ 5–7.] Schultz also sued to recover money not paid under a separate loan agreement with Stephen Britton. [*Id.* at ¶¶ 17, 26.] Schultz puts the total price tag for these wrongs at $157,136.17. [R.6-1 at 148.] No defendant responded.

As to pre-judgment attachment, the federal rules point federal courts to state law. Part of Civil Rule 64 reads: "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. Pro. 64(a). Under the rule, "Ohio federal courts apply Ohio

law to determine if prejudgment attachment is appropriate." *Aragonite Cap. Mkts., LLC v. Dark Horse Media, LLC*, No. 1:22-cv-00222, 2022 WL 614678, at *5 (N.D. Ohio Mar. 2, 2022) (Barker, J.) (quotations omitted).

For its part, an Ohio statute authorizes pre-judgment attachment "in a civil action for the recovery of money, at or after its commencement, upon any one of" several grounds. Ohio Rev. Code §2715.01(A). To show that one of these grounds justifies attachment, Ohio law requires an affidavit swearing "facts that support" the claimed ground. *See* Ohio Rev. Code §§2715.03(A)–(F). A court must conclude that this prerequisite is met before it may "consider the actual motion for attachment." *Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No. 1:16-cv-2395, 2016 WL 6821980, at *2 (N.D. Ohio Nov. 18, 2016) (Gaughan, J.) (quotation omitted).

The affidavit here flunks the prerequisite that it set forth "facts that support" one of the listed grounds for attachment. Ohio Rev. Code §2715.03(B). From that list, Schultz invokes only the provision aimed at defendants who have "fraudulently or criminally contracted the debt, or incurred the obligations" that undergird the lawsuit. Ohio Rev. Code §2715.01(A)(10); [*see* R.6-1 at 148.] Instead of specific facts, Schultz alleges generally that Stephen Britton has "committed numerous fraudulent and illegal acts." [R.6-1 at 148–50.] Yet the affidavit sets forth zero facts to support the litany of crimes and fraudulent acts the motion ticks off. At most, the affidavit recites that Stephen's "various illegal schemes to avoid performing under the two contracts" caused Brendon (and now Schultz) to spend money on a lawyer. [R.6-2 at 160–61, ¶ 19.] But that fact does not move the needle because money spent to hire

an attorney is not a basis for attachment. In short, the affidavit offers no facts that "support" a statutory basis for attachment. Ohio Rev. Code §2715.03(B).

Even more fatal for the motion is that it never connects any crime or fraud to the claims in this case that request a money judgment. Recall that the Ohio statute justifies—as relevant here—attachment if a defendant "fraudulently or criminally *contracted the debt*, or *incurred the obligations*." Ohio Rev. Code §2715.01(A)(10) (emphasis added). But here, the complaint's "gravamen" is breach of contract, not fraud. *Mayfield v. Crawford*, No. 5:07-cv-2775, 2008 WL 5705573, at *4 (N.D. Ohio Apr. 28, 2008) (Lioi, J.) (denying attachment under subsection (A)(10)). For this reason as well, the affidavit falls short of justifying attachment.

* * *

The Court **denies** the motion for pre-judgment attachment. [R.6].

**SO ORDERED**

Dated: November 17, 2026

*s/ Michael J. Hendershot*

**HON. MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**